IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND LEE DENNIS, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CASE NO. 2:21-CV-460-WHA-KFP ) |
| WARDEN JACKSON, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.      INTRODUCTION**

Raymond Dennis, an inmate at the Elmore County Jail, filed this 42 U.S.C. § 1983 action challenging the constitutionality of conditions at the jail. His request for damages contains a cursory request to "grant preliminary relief" regarding the conditions he describes in the Complaint. Doc. 1 at 6.[1] The Court construes this request as a Motion for Preliminary Injunction under Rule 65 of the Federal Rules of Civil Procedure, and, upon consideration, finds it is due to be denied.

**II.     STANDARD OF REVIEW AND REQUIRED ELEMENTS**

"The grant or denial of a preliminary injunction rests within the sound discretion of the district court." *Transcon. Gas Pipe Line Co. v. 6.04 Acres, More or Less*, 910 F.3d 1130, 1163 (11th Cir. 2018); *see also Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A court may grant a preliminary injunction only if a plaintiff demonstrates each of

---

[1] All cited documents and page numbers are those assigned by the Clerk of Court in the docketing process.

the following elements: (1) a substantial likelihood of success on the merits; (2) an irreparable injury will occur absent issuance of the injunction; (3) the injunction would not substantially harm the non-moving parties; and (4) the injunction, if issued, would not be adverse to the public interest. *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176 (11th Cir.), *cert. denied sub nom. Long v. Inch*, 139 S. Ct. 2635 (2019); *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998). "A preliminary injunction is an extraordinary and drastic remedy, and [Plaintiff] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted); *see also All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (holding that a preliminary injunction is issued only when "drastic relief" is necessary); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (stating that moving party's failure to demonstrate a substantial likelihood of success on the merits may defeat request for injunctive relief, regardless of the ability to establish the other elements).

**III.   DISCUSSION**

Plaintiff complains of two conditions at the Elmore County Jail. First, he alleges the heat is "extreme" and consistently between 90 and 100 degrees in the summer months and that the facility's use of fans, providing coolers of ice, letting heat out through fans, and opening cell doors are ineffective. Doc. 1 at 3–4. Second, he alleges that his meals at the jail are "in-humane" because he is provided only 1260–1610 calories per day five out of seven days a week. *Id*. at 5.

Turning to the first two elements required for a preliminary injunction, the Court finds that Plaintiff has failed to show a substantial likelihood of success on the merits or that he will suffer irreparable harm. With respect to the heat claim, Plaintiff's vague allegations, which include no details about the specific upper temperature that is reached, how frequently it occurs, or how long it lasts, are insufficient to convince the Court that he has a substantial likelihood of prevailing on the merits. As written, his allegations are merely consistent with an unairconditioned building during the summer months in Alabama. *See Chandler v. Crosby*, 379 F.3d 1278, 1297 (11th Cir. 2004) (holding, in case where facility temperatures sometimes reached over 90 degrees in July and August, that, "while no one would call the summertime temperatures at the Unit pleasant, the heat is not unconstitutionally excessive" and is "consistent with reasonable levels of comfort and slight discomfort which are to be expected in a residential setting in Florida in a building that is not air-conditioned"). Further, Plaintiff makes only a conclusory allegation that the heat creates a substantial risk for harm. He describes no specific physical harm—by him or anyone else at the facility—demonstrating any unsafe effects of the heat he describes as extreme. In the context of a preliminary injunction, the inquiry is not whether Plaintiff has shown the challenged conditions pose a danger to him in the abstract but whether he has shown he "will suffer irreparable injury 'unless the injunction issues.'" *Id.* (quoting *Jones v. Governor of Fla.*, 950 F.3d 795, 806 (11th Cir. 2020)). The alleged injury must be actual and imminent, not remote or speculative. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Merely showing the possibility of irreparable harm is insufficient. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

With respect to the nutrition claim, "[n]o authority—either from the Constitution or federal law—exists . . . requiring that prisoners be afforded a specific caloric intake." *Burrage v. Lee Cty.*, No. 1:20-CV-00180-DAS, 2021 WL 1343510, at *2 (N.D. Miss. Mar. 23, 2021). Further, as with the temperature claim, Plaintiff alleges the facility's meals create a substantial risk of harm and injury due to malnourishment, but he "fails to identify 'any specific physical harm' or 'that he suffered adverse physical effects'" from the meals. *Id*. (citing *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) and *Green v. Ferrell*, 801 F.2d 765, 770-71 (5th Cir. 1986) (finding that a permanent policy of providing the prisoner only two meals a day did not violate the Eighth Amendment so long as no health issues resulted)). A remote, speculative possibility of irreparable harm is insufficient to grant a preliminary injunction. *Siegel*, 234 F.3d at 1176; *Winter*, 555 U.S. at 22.

Additionally, although the third and fourth elements, harm to the opposing party and the public interest, merge when the state or its actors are the opposing party, *Nken v. Holder*, 556 U.S. 418, 435 (2009), each of these factors weighs in favor of Defendants at this time. Defendants have a significant public interest in the administration of the jail. *See, e.g.*, *Woodford v. Ngo*, 548 U.S. 81, 94 (2006); *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 (1973). If issued, the Court finds, on these asserted facts, that the requested injunction would substantially harm that interest and Defendants' ability to manage inmates and make routine decisions.

## IV.   CONCLUSION

While the Court understands Plaintiff's concerns, he has not shown that injunctive relief is appropriate. The drastic remedy of an injunction should not be granted unless a

4

party clearly establishes the burden of persuasion on all four elements. *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001). Because Plaintiff has failed to carry his burden of persuasion on each of the four required elements, his motion is due to be denied. Accordingly, the Magistrate Judge RECOMMENDS:

1. Plaintiff's Motion for Preliminary Injunction be DENIED; and

2. This case be referred back to the undersigned Magistrate Judge for further proceedings.

It is further ORDERED that by **August 18, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of August, 2021.

                                          /s/ Kelly Fitzgerald Pate
                                          KELLY FITZGERALD PATE
                                          UNITED STATES MAGISTRATE JUDGE