IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RAYMOND LEE DENNIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-460-WHA-KFP |
| | ) | [WO] |
| WARDEN JACKSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Raymond Dennis filed this pro se 42 U.S.C. § 1983 action on July 6, 2021. On January 7, 2022, the Court entered orders (Docs. 26, 27), copies of which the Clerk mailed to Plaintiff. Plaintiff's copies of these orders were returned to the Court marked as undeliverable on February 9, 2022, because Plaintiff no longer resides at the last service address he provided.[1] Accordingly, on February 11, 2022, the undersigned entered an Order requiring that by February 22, 2022, Plaintiff file with the Court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 30. This Order specifically informed Plaintiff this case could not proceed if his whereabouts remained unknown and advised him his failure to comply with its directives would result in the dismissal of this case. *Id*. To date, Plaintiff has not filed a response to the February 11, 2022, Order or otherwise complied with the orders of the Court.

---

[1] The last service address of record for Plaintiff is the Elmore County Jail in Wetumpka, Alabama.

Because of Plaintiff's failure to comply with the Court's orders, the undersigned concludes this case should be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

Based on the foregoing, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

Further, it is ORDERED that on or before **March 28, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 14th day of March, 2022.

                                          /s/ Kelly Fitzgerald Pate
                                          KELLY FITZGERALD PATE
                                          UNITED STATES MAGISTRATE JUDGE